IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
(AT LEXINGTON)

GLORIA M. SLATE                                                                  PLAINTIFF
124 Kay Avenue
Lancaster, Kentucky 40444

v.

NISSAN-INFINITI LT                                                              DEFENDANTS
ATTN Legal A5C
1 Nissan Way
Franklin, Tennessee 37067

       SERVE:    Wilmington Trust Company
                          Rodney Square North
                          1100 N. Market Street
                          Wilmington, Delaware 19890
                          (BY KENTUCKY SECRETARY OF STATE)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

       SERVE:    The Prentice Hall Corporation System
                          421 W. Main Street
                          Frankfort, Kentucky 40601
                          (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

SERVE:    CT Corporation System
306 W. Main Street, Suite 512
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Gloria M. Slate, and for her Verified Complaint against the Defendants, Nissan-Infiniti LT ("Nissan"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false credit reporting and Defendants' failure to investigate Plaintiff's disputes regarding a false and derogatory Nissan tradeline on Plaintiff's credit reports.

### II. PARTIES

2. Plaintiff, Gloria M. Slate, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 124 Kay Avenue, Lancaster, Kentucky 40444.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Nissan, is a corporation organized under the laws of the State of Delaware and doing business in the Commonwealth of Kentucky with its principal place of business located at ATTN Legal A5C, 1 Nissan Way, Franklin, Tennessee 37067.

5. Nissan is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal

place of business located at 555 West Adams Street, Chicago, Illinois 60661.

7. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

12. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Garrard County, Kentucky as a result of the Defendants doing business in Garrard County, Kentucky.

### IV. FACTUAL BACKGROUND

13. In or around May 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Trans Union and Experian credit reports and discovered a false and derogatory tradeline furnished by Nissan regarding an alleged past due balance of $13,124.

14. The Nissan account involves an automobile Plaintiff leased from Nissan and timely returned to Nissan pursuant the parties' lease agreement. Despite Plaintiff owing nothing on the account, Nissan reported the above-described derogatory information on Plaintiff's credit history and has repeatedly attempted to collect the alleged past due balance from Plaintiff.

15. Immediately upon her discovery of the reporting of the Nissan account, Plaintiff disputed the Nissan tradeline with Trans Union and Experian. Specifically, Plaintiff disputed the following accounts, stating in her dispute that she does not owe the alleged debt; that Nissan's, Trans Union's and Experian's reporting that Plaintiff owes the debt is incorrect; and that Nissan's Trans Union's and Experian's reporting that Plaintiff's dispute with Nissan has been resolved is incorrect.

16. Upon information and belief, Trans Union, and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Nissan of the dispute at or within five (5) days of their receiving notice of the dispute from Plaintiff.

17. In June 2017, Plaintiff received Trans Union's and Experian's dispute results. Despite Plaintiff's lawful request for removal and/or amendment of the Nissan tradeline, Nissan, Trans Union, and Experian refused to delete the tradeline from Plaintiff's credit reports.

18. The Defendants' false credit reporting and their failure to investigate Plaintiff's disputes have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit.

## V. CLAIMS

### Negligence – Nissan

19. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

4

20. Nissan's failure to investigate Plaintiff's dispute and its false reporting to Trans Union and Experian regarding the alleged past due account were negligent under applicable law.

21. In failing to investigate Plaintiff's dispute and in falsely reporting the alleged past due account, Nissan breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

22. Nissan's failure to investigate Plaintiff's dispute and its false reporting regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

23. Nissan's failure to investigate Plaintiff's dispute and its false reporting regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

24. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Trans Union's failure to properly investigate Plaintiff's dispute and its consequent failure to remove the Nissan tradeline from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notice to Trans Union disputing the tradeline, was negligent.

26. In failing to properly investigate Plaintiff's dispute of the Nissan tradelines, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

27. Trans Union's negligent failure to properly investigate Plaintiff's dispute of the Nissan tradeline and its consequent failure to remove the tradeline from Plaintiff's Trans Union

credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

28. Trans Union's failure to properly investigate Plaintiff's dispute of the Nissan tradeline and its consequent failure to remove the tradeline from Plaintiff's credit report, despite Plaintiff's lawful dispute to Trans Union, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

29. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Experian's failure to properly investigate Plaintiff's dispute and its consequent failure to remove the Nissan tradeline from Plaintiff's Experian credit report, despite Plaintiff's lawful notice to Experian disputing the tradeline, was negligent.

31. In failing to properly investigate Plaintiff's dispute of the Nissan tradeline, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

32. Experian's negligent failure to properly investigate Plaintiff's dispute of the Nissan tradeline and its consequent failure to remove the tradeline from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

33. Experian's failure to properly investigate Plaintiff's dispute of the Nissan tradeline and its consequent failure to remove the tradeline from Plaintiff's credit report, despite Plaintiff's

lawful dispute to Experian, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Defamation – Nissan**

34. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Nissan, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Trans Union and Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has past due account with Nissan.

36. Nissan's statements were false and were made with conscious disregard for the rights of the Plaintiff.

37. Nissan's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Nissan account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Defamation – Trans Union**

38. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Nissan and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a past due account with Nissan.

40. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

41. Trans Union's publication of false statements regarding Plaintiff's creditworthiness

lawful dispute to Experian, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Defamation – Nissan**

34. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Nissan, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Trans Union and Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has past due account with Nissan.

36. Nissan's statements were false and were made with conscious disregard for the rights of the Plaintiff.

37. Nissan's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Nissan account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Defamation – Trans Union**

38. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Nissan and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a past due account with Nissan.

40. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

41. Trans Union's publication of false statements regarding Plaintiff's creditworthiness

and Plaintiff's alleged past due Nissan account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

42. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Nissan and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due account with Nissan.

44. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

45. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Nissan account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Nissan

46. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 45 as if fully set forth herein.

47. Nissan's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Trans Union and Experian of Plaintiff's alleged past due Nissan account are violations of Nissan's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

48. Nissan's violations of the FCRA amount to negligent non-compliance with the

48. Nissan's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Nissan is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

49. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

51. Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

52. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

53. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54. Experian's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

55. Experian's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

56. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Nissan

57. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58. Nissan's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Trans Union and Experian of Plaintiff's alleged past due Nissan account, despite Nissan's knowledge of the falsity of its reporting, are willful violations of Nissan's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

59. Given Nissan's knowledge of the falsity of its reporting, Nissan's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Nissan is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

60. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61. Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report are willful violations of Trans

Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

62. Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

63. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

64. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 63 as if fully set forth herein.

65. Experian's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

66. Experian's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

67. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual

damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Breach of Contract – Nissan

68. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69. As hereinabove described, Nissan's continuing to report Plaintiff's alleged past due balance to Trans Union and Experian, and Nissan's continued attempts to collect $13,124 from Plaintiff, are in breach of the parties' lease agreement.

70. Nissan's breach of the parties' lease agreement entitles Plaintiff to compensatory and consequential damages therefor.

### Violation of the KCPA – Nissan

71. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72. As hereinabove described, Nissan's continuing to report Plaintiff's alleged past due balance to Trans Union and Experian, and Nissan's continued attempts to collect $13,124 from Plaintiff, are in breach of the parties' lease agreement constitute unfair, false, and deceptive acts or practices in the conduct of its business with Plaintiff in violation of the CPA.

73. Nissan's violation of the CPA entitles Plaintiff to compensatory, consequential and punitive damages therefor, and to an award of Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Gloria M. Slate, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For her attorneys' fees and costs; and,

4.  Any and all other relief to which Plaintiff may appear to be entitled.

                        Respectfully submitted,

                        */s/Sam B. Carl*
                        Sam B. Carl
                        CREDITLAW, P.S.C.
                        616 S. Fifth St.
                        Louisville, KY  40202
                        (502)
                        sambcarl@gmail.com
                        *Co-Counsel for Plaintiff*


                        */s/David W. Hemminger*
                        David W. Hemminger
                        CREDITLAW, P.S.C.
                        616 S. Fifth St.
                        Louisville, KY  40202
                        (502)
                        hemmingerlawoffice@gmail.com
                        *Co-Counsel for Plaintiff*

# VERIFICATION

I, Gloria M. Slate, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Gloria M. Slate

COMMONWEALTH OF KENTUCKY        )
                                ) SS
COUNTY OF GARRARD               )

Subscribed, sworn to and acknowledged before me by Gloria M. Slate this _/_ day of _August_, 2017.

_____
Notary Public

Commission expires: _1-29-2019_